THE ROSEN LAW FIRM, P.A.
Phillip Kim (PK 9384)
Laurence M. Rosen (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN PAUL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> LIMELIGHT NETWORKS, INC.; GOLDMAN SACHS & CO.; MORGAN STANLEY & CO., INC.; JEFFREY W LUNSFORD; NATHAN F. RACIBORSKI; and ALLAN M. KAPLAN, <br><br> Defendants. | CIVIL ACTION NO. <br><br> CLASS ACTION COMPLAINT <br><br> **JURY TRIAL DEMANDED** |

Plaintiff individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Limelight Networks, Inc. ("Limelight", or the "Company"),

1

securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of Limelight pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on June 8, 2007, seeking to recover damages caused by defendants' violations of federal securities laws and pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77(o)).

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a), and 28 U.S.C. §1331.

4. Venue is proper in this Judicial District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and 28 U.S.C. § 1391(b).

5. In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.  Plaintiff Benjamin Paul, as set forth in the accompanying certification, incorporated by reference herein, purchased Limelight securities pursuant to or traceable to the Company's IPO and was economically damaged.

7.  Defendant Limelight is a Delaware Corporation with its principal executive offices in Arizona. Limelight provides content delivery network services for delivering live and on-demand digital media online in the U.S., Europe, and the Asia-Pac region. At all relevant times herein, the Company's common stock was traded on the NASDAQ Global Market under ticker "LLNW".

8.  Defendant Goldman Sachs & Co. ("Goldman") was an underwriter of the Company's IPO. Goldman maintains its corporate headquarters in New York, New York.

9.  Defendant Morgan Stanley & Co., Inc. ("Morgan") was an underwriter of the Company's IPO. Morgan maintains its headquarters in New York, New York.

10. Defendant Jeffrey W. Lunsford ("Lunsford"), at all relevant times herein, was the Company's CEO, President and Chairman.

11. Defendant Nathan F. Raciborski ("Raciborski"), at all relevant times herein, was a director of the Company. Raciborsksi signed the Registration Statement for the IPO.

12. Defendant Allan M. Kaplan ("Kaplan"), at all relevant times herein, was a director of the Company. Kaplan signed the Registration Statement for the IPO.

13. Lunsford, Raciborski, and Kaplan are collectively referred to hereinafter as the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action on behalf of himself and on behalf of all purchasers of the common stock of the Company issued pursuant to and/or traceable to the Company's IPO, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

15.     The members of the Class are so numerous that joinder of all members is impracticable. Approximately 14.9 million shares of the Company's common stock were sold in the IPO. The precise number of the Class members is unknown to Plaintiff at this time but it is believed to be in the thousands. Members of the Class may be identified from records maintained by Limelight or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

16.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

17.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

18.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the provisions of the Securities Act were violated by defendants' acts as alleged herein;

(b) whether documents, including the Registration Statement and Prospectus, press releases, and public statements issued by defendants to the investing public committed and/or misrepresented material facts about the Company and its business; and

(c) the extent the members of the Class have sustained damages and the proper measure of damages.

19. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

20. The Company's IPO commenced on June 8, 2007 and involved the sale of 14.9 million shares at a price of $15 per share, netting the Company $205 million in proceeds.

21. Certain representations made in the Company's Registration Statement and Prospectus in connection with the IP were materially false or misleading. At the time of the IPO, Limelight Networks was being adversely affected by several factors not discussed or revealed in the Prospectus, as follows:

(a) the Registration Statement and Prospectus failed to reveal that the Company's revenues were at risk because of increased sales to media companies of streaming video relating to televised programs, a type of business which experiences seasonal

drop-offs when the television season ends each year in mid-May. Indeed, the Prospectus specifically stated that the company was unaware of any seasonality in its business that would affect quarterly results. Proper and adequate due diligence would have determined, by the time of the IPO, that the Company's foray into television-related streaming media was having a negative impact on sales due to seasonality, making the Prospectus statements regarding fluctuations in quarterly results incomplete, false and misleading; and

(b) At the time of the IPO, Limelight was providing expensive services to customers for which customers were refusing to pay premium prices because they had not fully identified ways to generate revenues that would justify the prices Limelight desired. The Prospectus presented an inability to charge adequate prices for its content as a future possibility. In fact, it was a current reality which Limelight Networks was addressing by deeply discounting its services by offering lower "per unit" rates. These deep discounts were adversely and materially affecting Limelight's second quarter business, and will adversely affect business going forward. Investors who read the Prospectus would have been unaware that to retain and gain customers Limelight Networks was resorting to material discounting of a magnitude it had not previously experienced, and that would impact its future viability.

22.    The foregoing matters, all of which existed at the time of the IPO, were first revealed in a telephone conference call held by management on August 9, 2007, and in a press release announcing results for the quarter ended June 30, 2007. The net loss for that quarter was a staggering $10.46 million compared to a net loss of $4.7 million in the previous quarter. Revenues were down

from the previous quarter, and expenses were up substantially. Co-Lead underwriter Goldman downgraded its rating on the stock, in a report written by analyst Sarah Friar. Ms. Friar said that "management credibility is shaken...Limelight's stumble highlights that management is still getting their arms around being a public company, and has yet to put in place a lot of the infrastructure to support execution on targets." Friar also noted that the Company's value was gauged by earnings before interest, taxes, depreciation, and amortization. The second quarter business events so seriously impacted Limelight's business strategy that the Company is now guiding to full year adjusted EBITDA of $16 million to $19 million, versus previous estimates of $30 million, and the Wall Street consensus of $26 million. Goldman analyst Friar said that for a stock that trades EBITDA multiples, the EBITDA guidance "is the most troublesome element of the quarter."

23.     The revelations discussed above were so at odds with the Registration Statement and Prospectus that the resultant stock drop eradicated $545 million in Company and shareholder value in just two days.

24.     In connection with the IPO, certain of the Company's insiders sold shares and reaped millions of dollars. Defendant Raciborski sold approximately 803,000 shares for proceeds of approximately $12 million; and defendant Kaplan sold 620,000 shares for proceeds of approximately $9 million.

25.     The IPO provides a vehicle for eventually monetizing the investment in Limelight Networks made by co-lead underwriter Goldman which through affiliates own approximately 30.2 million Limelight shares, and which has two directors on Limelight's Board, directors Joseph H. Gleberman and Peter J. Perrone. Goldman served as Co-Lead underwriter with Morgan.

**FIRST CLAIM**

## Violation Of Section 11 of the Securities Act
### Against All Defendants

26. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on and does not sound in fraud.

27. This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired Limelight stock pursuant to or traceable to the Company's IPO. Each Class Member acquired their shares pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus. Limelight is the issuer of the securities through the Registration Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement and Prospectus. Goldman and Morgan are underwriters of the securities offered through the Registration Statement and Prospectus.

28. Defendants owed to the purchasers of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein no misleading.

29. None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein misleading.

30. Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public

which were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above. By reason of the conduct alleged herein, each defendants violated and/or controlled a person who violated Section 11 of the Securities Act.

31. Limelight is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

32. At the times they obtained their shares of Limelight, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements of omissions alleged herein.

33. This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

34. By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants and each of them, jointly and severally.

## SECOND CLAIM

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

35. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on and does not sound in fraud.

36.     This claim is asserted against the Individual Defendants, each of whom was a control person of Limelight during the relevant time period.

37.     For the reasons set forth above in the First Claim, above, Limelight is liable to the plaintiff and the members of the Class who purchased Limelight common stock in the IPO based on the untrue statements and omissions of material fact contained in the Registration Statement and Prospectus, pursuant to Section 11 of the Securities Act, and were damaged thereby.

38.     The Individual Defendants were control persons of Limelight by virtue of, among other things, their positions as senior officers of the Company, and they were in positions to control and did control the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

39.     None of the Individual Defendant made reasonable investigation or possessed reasonable ground for the belief that the statements contained in the Registration Statement and Prospectus were accurate and completed in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

40.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after the Limelight common stock was sold to the Class in connection with the IPO.

41.     By reason of the misconduct alleged herein, for which Limelight is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as Limelight pursuant to Section 15 of the Securities Act.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

(b) Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c) Awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: August 21, 2007

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

Phillip Kim (PK 9384)
Laurence Rosen (LR 5733)
350 Fifth Avenue, Suite 5508
New York, NY  10118
Phone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

## Kim, Phillip

| | |
|---|---|
| **From:** | rosenlegal@verizon.net |
| **Sent:** | Monday, August 20, 2007 11:36 AM |
| **To:** | Kim, Phillip |
| **Subject:** | [Fwd: Confirmation of Receipt of On-Line Signup] |

```
From: lrosen@rosenlegal.com
Date: 2007/08/19 Sun PM 10:33:09 CDT
To: rosenlegal@verizon.net
Subject: Confirmation of Receipt of On-Line Signup
```

Confirmation of Receipt of On-Line SignupDear Benjamin A Paul,

We have received your certification, confirming your participation inthe Limelight Networks, Inc. class action litigation. Thank you forjoining with us, below is a copy of your certification, and theretention agreement. Please retain these for your records. If you haveany questions, please feel free to contact us at 1-866-rosenlegal(866-767-3653) or via e-mail at info@rosenlegal.com.

Sincerely,

The Rosen Law Firm P.A.

--------

Signup Form

Certification of Named Plaintiff Pursuant to Federal Securities Laws

First name: Benjamin
Last name: Paul
Address:
City:
State, Zip:
Email:
Phone:

Plaintiff certifies that:

1. I have reviewed the Complaint and authorized its filing.

2. I did not purchase the security that is the subject of this action,at the direction of plaintiff's counsel or in order to participate inany private action arising under this title.

3. I am willing to serve as a representative party on behalf of a classand will testify at deposition and trial, if necessary.

4. My transactions in the securities, which are the subject of thisaction, during the Class Period set forth in the Complaint are asfollows:

Share Purchases:

Purchase Date(s): 08/07/200Â Number of shares: 3.9493Â Price per Share: 13.42 Purchase Date(s): 07/31/200Â Number of shares: 3.1947Â Price per Share: 16.59 Purchase Date(s): 07/24/200Â Number of shares: 2.0057Â Price per Share: 17.45 Purchase Date(s): 06/08/200Â Number of shares: 10.00Â Price per Share: 21.99


Share Sales:

Sale Date(s): 08/13/200Â  Number of shares: 19.1497Â Price per Share: 8.00

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below.

6. I will not accept any payment for serving as a representative party, except to receive my prorata share of any recovery, or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class

I declare under penalty of perjury that the foregoing are true and correct statements: True
I authorize and retain The Rosen Law Firm P.A. to file an action, or amend a current action, under the federal securities laws to recover damages and to seek relief against Limelight Networks, Inc. :  True The Rosen Law Firm will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Complaint and Retention Agreement provided to me is incorporated by reference. True Clicked to Participate in the Limelight Networks, Inc. Action.
--------------